J-S31010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AMILCAR RIVAS-RIVERA, | |
| Appellant | No. 1926 MDA 2014 |

Appeal from the PCRA Order October 31, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):
CP-36-CR-0000099-2012
CP-36-CR-0000100-2012
CP-36-CR-0000101-2012
CP-36-CR-0000102-2012
CP-36-CR-0000108-2012
CP-36-CR-0000120-2012

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY BENDER, P.J.E.:                   **FILED JUNE 19, 2015**

Appellant, Amilcar Rivas-Rivera, appeals from the October 31, 2014 order denying his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant raises one claim of ineffective assistance of counsel.  After careful review, we affirm.

The PCRA court summarized the factual and procedural history of this case as follows:

> On February 12, 2013[, Appellant], Amilcar Rivas-Rivera, entered an open plea of guilty before this [c]ourt on 54 felony charges spread over five criminal informations.  [Appellant's] plea stems from a spree of burglaries taking place during the months of September and October 2011 throughout Lancaster

County. By the conclusion of the investigation[, Appellant] and his co-conspirators were linked to 30 separate burglaries over a period of just 44 nights. Attorney Elizabeth Low represented [Appellant] at all times leading up to and including the date of his proffered plea. While [Appellant's] [g]uilty [p]lea was non-negotiated as to the exact sentence, an agreement was made between the [p]arties limiting [Appellant's] overall exposure under the guidelines. With the proposed agreement in mind, [Appellant] was sentenced to a period of incarceration [of] not less than 15 years, nor more than 30 years.

…

On February 6, 2014[, Appellant] filed a [p]ro-[s]e PCRA petition with this Court. Counsel was appointed and an evidentiary hearing was held on the matter. Prior to the hearing, discrepancies evolved as to the ultimate thrust of [Appellant's] argument. Through a subsequent [a]mended [p]etition, and [Appellant's] own testimony, it was concluded that [Appellant's] claim rests on allegations of ineffective assistance of counsel resulting in an involuntary and unknowing plea pursuant [to] 42 Pa.C.S. § 9543(a)(2)(ii).

PCRA Court Opinion (PCO), 10/31/14, at 1-2 (footnotes and citations to the record omitted). Specifically, Appellant alleged in his amended petition, and at the PCRA hearing, that his plea was involuntary and unknowing because it was premised on Attorney Low's inaccurate claim that if he pled guilty, the Commonwealth would withdraw several of the charges pending against him. However, those "counts were not withdrawn and [Appellant] pled guilty and was sentenced thereon." Amended Petition, 4/7/14, at 1 (unnumbered).

On October 31, 2014, the PCRA court issued an order and opinion denying Appellant's petition. He filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, Appellant raises one issue for our review: "Whether guilty

plea counsel was ineffective in: a) inducing her client to plead guilty on an unrealized promise that certain charges would be withdrawn; or, b) failing to ensure that the Commonwealth performed the promise made to her client." Appellant's Brief at 4.

In assessing Appellant's claim, we begin by noting that,

[o]ur review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Johnson*, 51 A.3d 237, 242-243 (Pa. Super. 2012) (internal citations and quotation marks omitted).

Additionally,

[a] criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.

We conduct our review of such a claim in accordance with the three-pronged ineffectiveness test under section 9543(a)(2)(ii) of the PCRA, 42 Pa.C.S.A. § 9543(a)(2)(ii). The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

*Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (internal citations and quotation marks omitted).

Here, Appellant contends that his plea counsel, Attorney Low, acted ineffectively by incorrectly advising him that if he pled guilty, the Commonwealth would withdraw several of the charges pending against him. However, at the PCRA hearing, Attorney Low testified that prior to Appellant's plea, she discussed "*nolle prossessing* certain counts" with the Commonwealth, but "was told each time that was not a possibility." N.T. PCRA Hearing, 7/11/14, at 6. Attorney Low was then asked if she told Appellant that certain charges would be "*nolle prossed*" or "removed" in some manner if he entered a guilty plea, to which Attorney Low replied, "I don't believe so." *Id.* at 7. Based on this testimony, the PCRA court concluded that Attorney Low "never informed [Appellant] that [certain charges] would be dropped" if he pled guilty. PCO at 5 (citation to the record omitted). Because the record supports the PCRA court's determination, it is binding on this Court. *Johnson*, 51 A.3d at 242-243.

We also point out that Attorney Low testified that she explained to Appellant each count to which he was pleading guilty. N.T. PCRA Hearing at 9. Each of those charges was listed in the written guilty plea colloquy, and Appellant signed at the bottom of the list. *Id.* Attorney Low stated that she did not recall Appellant having any questions about the written plea colloquy. *Id.* at 10. At the oral plea proceeding, all of the charges to which Appellant was pleading guilty were once again stated to him, and Appellant indicated that he understood them. N.T. Guilty Plea, 2/12/13, at 3-4, 6-11.

- 4 -

Based on this record, the PCRA court concluded that Appellant failed to prove that Attorney Low's conduct caused him to enter an involuntary plea. **See** PCO at 6-7. We ascertain no abuse of discretion in the court's determination.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015